JUDGMENT

PER CURIAM.
This petition for review was considered on the record from the Surface Transportation Board (STB) and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. R. 36(d). It is
ORDERED and ADJUDGED that the petition for review be denied.
A rail carrier must obtain permission from the STB to abandon a rail line by filing a formal application pursuant to 49 U.S.C. § 10903. When a carrier has applied to abandon a rail line, an interested person may file an “Offer of Financial Assistance” (OFA) pursuant to 49 U.S.C. § 10904 to acquire the line through a forced sale in order to provide continued rail service. See 49 U.S.C. § 10904(c). If the person who files the OFA is “financially responsible,” the abandonment proceedings will be postponed until the parties reach an agreement on the sale of the line or the STB establishes the conditions and amount of compensation. See 49 U.S.C. § 10904(d). The STB may, however, exempt a line from the OFA provisions under certain circumstances. See 49 U.S.C. § 10502(a).
Several years ago, Conrail ceased to operate a rail line on a parcel of land and sold it to NJ Transit (NJT) for use in a light rail system. Conrail did not properly apply to the STB to abandon traditional rail service at the time of the sale. When Conrail did apply to abandon, petitioner Riffin filed an OFA to purchase the parcel. The STB, however, determined that the parcel was exempt from the OFA provisions. It further held that, even if the parcel were not exempt, Riffin was not a “financially responsible” party. Riffin petitions for review of the STB’s decision.
Riffin’s primary challenge to the STB’s exemption determination is that the Board departed from its precedent and applied the wrong standard in granting the exemption. This argument is foreclosed by our recent decision in Kessler v. Surface *2 Transportation Board, No. 09-1161, — F.3d-, 2011 WL 893267 (D.C.Cir., Mar. 15, 2011). In Kessler, we held that the STB “properly exercises [its] discretion” under 49 U.S.C. § 10502 when “the right of way to be abandoned is needed for a public purpose and there is no overriding public need for continued rail service.” Id. — F.3d at-. In its decision, the STB evoked precisely this standard. Consolidated Rail Corporation — Abandonment Exemption — In Hudson County, N.J., Docket No. AB 167 (Sub-No. 1190X), 2010 WL 1957870 (S.T.B. May 13, 2010), at *3. Nor did the STB misapply that standard. The parcel at issue is currently being used for the provision of light rail service, which — as Riffin concedes — is a valid “public purpose,” and the Board reasonably credited NJT’s assertion that Riffin’s plan for his rail line to co-exist with NJT’s light rail was not viable. It was also reasonable for the STB to conclude that there was an absence of an “overriding public need for continued rail service,” as the line had been completely unused for several years, and Riffin offered no definitive evidence that there would be shippers should the line be reestablished. See Kessler, — F.3d at-(finding that the presence of only a single established shipper — who had not made a shipping request since 2003— suggested an exemption was appropriate).
Riffin also challenges the STB’s determination that he was not a “financially responsible” party as required by 49 U.S.C. § 10904. The STB’s determination was based on the fact that Riffin filed for bankruptcy shortly before the STB issued its decision. Under those circumstances, there was nothing unreasonable about the STB’s determination that Riffin was not “financially responsible” within the meaning of the statute.
The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).